**In re J.R. ELKINS, INC., Debtor.**

**Bankruptcy No. 181–12593–260.**

United States Bankruptcy Court, E.D. New York.

Feb. 27, 1983.

Robert P. Herzog, New York City, for debtor.

Siegel, Sommers & Schwartz by Chauncey H. Levy, New York City, for the Creditors' Committee.

Lane & Mittendorf by James L. Marketos, Stephen J. King, New York City, for Ohio Ferro-Alloys Corp.

Hahn & Hessen by George Hahn and Isaac Nutovic, New York City, for Security Pacific Business Credit, Inc. and Lazere Financial Corp.

John Marshall, Local Union President, Brooklyn, N.Y., pro se.

### DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

The motion by the debtor, J.R. Elkins, Inc., to reject a collective bargaining agreement with the United Steel Workers of America—AFL/CIO, Local 6752, pursuant to § 365 of the Bankruptcy Code is granted. This decision was reached by applying the "balancing of equities" test originally formulated in the pre-Bankruptcy Code era in *Shopmen's Loc. U. No. 455, etc. v. Kevin Steel Prod., Inc.,* 519 F.2d 698 (2d Cir.1975) and recently held applicable under the Code in *In re Bildisco,* 682 F.2d 72 (3d Cir.), (*cert. granted* —— U.S. ——, 103 S.Ct. 784, 74 L.Ed.2d 992 (1982)). That test resolves an underlying conflict between the right to reject executory contracts given debtors by the Bankruptcy Code in § 365 and certain rights provided in § 8(d) of the National Labor Relations Act. In following the *Kevin Steel* standard the *Bildisco* court declared:

We accept this formulation of the appropriate relationship between the competing statutory policies. It accommodates the statutory policies of the Labor Act by demanding a greater evidentiary showing than for rejection of a typical executory contract, but it does not erect impossible barriers to rejection of labor contracts in violation of the policies underlying Chapter 11. It plots a middle course between the possible extremes, requiring a sensitive weighing of the competing private and public interests in the context of the particular case. at 79

The practical application of this test necessarily requires a case by case analysis of the facts. Recently, *In re Braniff Airways, Inc.*, 25 B.R. 216 (Bkrtcy.N.D.Texas 1982), relying on the *Bilidsco* balancing test permitted rejection of a labor contract by the debtor. In the opinion of the *Braniff* court, failure to permit rejection would have likely destroyed all possibility of reorganization.

In the instant case it is abundantly clear that the debtor is on the brink of complete financial collapse and may shortly be forced into liquidation despite valiant efforts to remain afloat. In order to have a chance at survival a buyer must be found quickly. Time is of the essence. The evidence presented indicates that a prospective buyer has made a firm offer to purchase the debtor's assets. That offer is, however, conditioned on a renegotiation of the collective bargaining agreement between the debtor and the Union. The purchaser is adamant in its refusal to assume the agreement as it now exists. If this renegotiation is not accomplished the offer will be withdrawn. That would certainly sound the death knell for the debtor and consequently mean the loss of jobs for eleven employees now working under the agreement, there being no other current offers and insufficient time to search for any. Thus, the bottom line is that the collective bargaining agreement must be rejected if there is to be any hope of saving the jobs of the debtor's employees. Under the circumstances, no more equitable solution could be reached.

Therefore, IT IS ORDERED, that the motion by the debtor, J.R. Elkins, Inc., to reject its collective bargaining agreement with the United Steel Workers of America—AFL/CIO, Local 6752 is granted.